IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. SUGARMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MUDDY WATERS CAPITAL LLC, et al., <br><br> Defendants. | Case No. 19-cv-04248-MMC <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE** |

Before the Court is a "Motion to Transfer Venue," filed September 11, 2020, by defendants Muddy Waters Capital, LLC, Muddy Waters Research LLC, MLAF LP, MWCP LLC, Carson Block, Castalian Partners, LLC, Castalian Partners Value Fund, LP, James Gibson, QKM, LLC, David Q. Matthews, Gary R. Matthews, Kalyn M. Denno, Adam J. Denno, Keith Allen Dilling, and Rosemary Norris Hall.[1] Plaintiffs Steven A. Sugarman ("Sugarman"), COR Capital, LLC, and COR Advisors, LLC (collectively, "COR Plaintiffs") have filed opposition, to which the defendants have replied. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[2]

In the instant action, plaintiffs allege that defendants, along with others not named as defendants, entered into a "conspiracy to destroy the reputation and business prospects of [ ] Sugarman and his limited liability companies, the COR Plaintiffs." (See First Amended Complaint ("FAC") ¶ 2.) According to plaintiffs, defendant Galanis, an

---

[1] An additional defendant, Jason Galanis ("Galanis"), although not identified in the motion as a moving defendant, filed a declaration in support of the instant motion.

[2] By order filed October 9, 2020, the Court took the matter under submission.

individual who has been convicted of "two separate financial frauds" and is presently serving a sentence in federal prison (see FAC ¶ 9, Exs. P, Q), "furnished false and misleading information" to the other defendants (see FAC ¶ 88), who, in turn, used such information to "create false and intentionally misleading papers, blogs, posts, websites, and other material to support or serve as the basis for several separate attacks on [ ] Sugarman and the COR Plaintiffs" (see FAC ¶ 99). The "[a]ttacks," plaintiffs allege, consisted of statements that "Sugarman and the COR Plaintiffs had material business partnerships with Galanis and were involved in his financial crimes" (see FAC ¶ 99), and that "criminals" had "gained control" over the Banc of California ("Banc") (see FAC ¶ 114),[3] such statements appearing primarily on the website SeekingAlpha.com (see FAC ¶ 112). Based on said allegations, plaintiffs allege two claims under the Racketeer Influenced Corrupt Organizations Act ("RICO"), as well as three claims under state law, specifically, one claim alleging defamation and two claims alleging unfair competition.

By the instant motion, defendants seek an order, pursuant to 28 U.S.C. § 1404(a), transferring the above-titled action to the Central District of California ("Central District"), where plaintiffs reside, the harm allegedly was incurred and, defendants contend, other cases related to the instant action are or were pending.

As set forth in § 1404, a district court, "[f]or the convenience of parties and witnesses, in the interest of justice, . . . may transfer any civil action to any other district or division where it might have been brought." See 28 U.S.C. § 1404(a).

The Court first considers whether the instant action could have brought in the Central District. Defendants argue, and plaintiffs do not disagree, a proper venue for a RICO action is a district in which one defendant resides. See 18 U.S.C. § 1965 (providing RICO claim "against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or

---

[3] At the time such statements allegedly were made, Sugarman was the Chairman of the Board, President, and Chief Executive Officer of Banc. (See FAC ¶ 4.)

2

transacts his affairs"). In that regard, defendants argue Galanis, although presently in the custody of the Bureau of Prisons, is considered to be a resident of the Central District.

In response to the initial complaint, defendants sought transfer to the Central District on the same grounds as set forth in the instant motion. The Court denied that motion, finding defendants had failed to show Galanis is a resident of the Central District. In support of the instant motion to transfer, defendants now offer a declaration by Galanis, in which he declares that "Los Angeles is [his] home," that, "[b]efore [his] incarceration, [he] resided at [a specified street address] in Los Angeles," and that he "intend[s] to return to Los Angeles for [his] residence after [he is] released from incarceration." (See Galanis Decl. ¶ 3.) As a "rebuttable presumption [exists] that an incarcerated individual retains residency in the judicial district where he lived prior to incarceration," see United States v. Arango, 670 F.3d 988, 998 (9th Cir. 2012), and, as plaintiffs offer no evidence to support a finding that Galanis did not reside in Los Angeles prior to his incarceration or that he plans to live elsewhere upon his release, the Court finds the instant action could have been brought in the Central District.

The Court next considers whether a transfer to the Central District is warranted "[f]or the convenience of parties and witnesses" and is "in the interest of justice." See 28 U.S.C. § 1404(a). In deciding whether transfer is appropriate, courts consider a number of factors, including: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." See Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2011).[4] The Court considers the factors in turn.

//

---

[4] Although this list is not "exhaust[ive]," see id., the parties do not identify any additional factors that should be considered.

3

First, although a plaintiff's choice of forum ordinarily is entitled to deference, in this instance plaintiffs neither reside nor were harmed in this District. Nevertheless, there is at least some alleged connection. (See FAC ¶ 10, 89, 95 (alleging defendants "Muddy Waters Entities" and attorney who formerly represented Galanis reside in San Francisco).) Consequently, this factor weighs against transfer, albeit only slightly.

With respect to the convenience of the parties, the three plaintiffs reside in the Central District but wish to keep the case in the Northern District, the five Muddy Waters Entities reside in the Northern District but wish to transfer the case to the Central District, Galanis is incarcerated in New York, and the remaining defendants reside in, respectively, Minnesota, Texas, Kansas and Colorado, all approximately equidistant from both the Northern District and the Central District. Consequently, this factor weighs neither in favor of nor against transfer.

With respect to the convenience of non-party witnesses, defendants have identified one such witness residing in the Central District, namely, a reporter for the Los Angeles Times to whom one defendant is alleged to have made "false and misleading claims" about plaintiffs (see FAC ¶ 161), and plaintiffs have identified one such witness residing in this District, namely, the above-referenced attorney who, according to plaintiffs, provided defendants with "forged" and other "misleading" documents about plaintiffs (see FAC ¶ 95). Consequently, this factor weighs neither in favor of nor against transfer.

As to ease of access to evidence, no party has shown such access would differ in any material manner as a result of the action remaining in this District or being transferred to the Central District. Consequently, this factor also weighs neither in favor of nor against transfer.

Similarly, the familiarity of the forums with the applicable law weighs neither in favor of nor against transfer, as both this District and the Central District are equally familiar with the applicable law, namely, federal law as to the RICO claims and California law as to the state law claims.

The sixth factor, feasibility of consolidation, the factor to which the parties devote the greatest attention, has been held to weigh in favor of transfer where a related action is pending in the proposed transferee court and such transfer would avoid "duplicitous litigation and inconsistent results." See Brice v. California Faculty Ass'n, 2019 WL 2053586, at *4 (E.D. Cal. May 9, 2019) (internal quotation and citation omitted); see also A. J. Industries, Inc. v. United States District Court, 503 F.2d 384, 389 (9th Cir. 1974) (holding district court, in transferring action, properly relied on pendency of related action in transferee district, irrespective of whether actions could be consolidated). Here, in support of the instant motion, defendants rely on two groups of cases that are or were pending in the Central District.

The first such group consists of (1) two consolidated putative class actions alleging securities fraud by Banc, Sugarman and others, and (2) three miscellaneous motions to compel responses to discovery requests filed by Sugarman in the securities fraud cases and served on non-parties. In the consolidated securities fraud complaint, the defendants named therein allegedly withheld from Banc's shareholders "the truth about connections" between Sugarman and Galanis, for example, the alleged fact that "Galanis was using COR to perpetrate a [Ponzi] Scheme," which fact, according to the plaintiffs, was disclosed on SeekingAlpha.com. (See In re Banc of California Securities Litig., Case No. 17-00118, Doc. No. 4, ¶¶ 4-6, 59(a).)[5] Those statements, which, according to the securities fraud plaintiffs, were true (see id. ¶ 84), are the same statements plaintiffs herein allege are false (see FAC ¶ 112-14).

The second group of cases identified by defendants consists of three shareholder derivative actions that have been consolidated in a single proceeding that remains pending in the Central District. In the operative consolidated complaint, the plaintiffs

---

[5] The Court grants defendants' unopposed request to take judicial notice of the contents of filings in the Central District. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (holding "court may take judicial notice of matters of public record") (internal quotation and citation omitted).

allege that nine individuals, each of whom is or was a director or officer of Banc, breached his fiduciary duties to Banc. (See In re Banc of California, Inc. Stockholder Derivative Litig., Case No. 19-00621, Doc. No. 65 ¶¶ 27-35, 203.) In particular, the plaintiffs therein allege that, prior to publication of the above-referenced statements on SeekingAlpha.com, the defendants "convened an internal investigation into Galanis' control over COR" and, that although "Banc became aware of not only Galanis' troubled history with white collar crime, but his use of Banc's goodwill and name in furtherance of his schemes while running them from COR offices," the defendants "concealed the impact of [Banc's] internal investigation from shareholders at the expense of the Company's integrity and reputation." (See id. ¶¶ 65-66.) Additionally, the plaintiffs therein allege that, although the defendants, on the date the statements on SeekingAlpha.com were published, issued a press release in which they "denied the existence of ties between Galanis and Banc" (see id. ¶ 2), the press release "falsely conveyed the true extent and nature of the Board's prior investigation into possible relationships between Galanis and corporate insiders" (see id. ¶ 73), including Sugarman (see id. ¶ 53).

      All of the cases in the above-referenced two groups seek relief for injuries that stem from SeekingAlpha.com's publication of statements implicating Sugarman and the COR Plaintiffs in Galanis's criminal conduct. Moreover, as defendants observe, other than the instant case, every case pertaining in some manner to the alleged connections between plaintiffs herein and Galanis has been heard in the Central District. In response, plaintiffs argue the pendency of the above-referenced Central District cases nonetheless does not support transfer, noting that the securities fraud cases were dismissed last year pursuant to a court-approved settlement (see In re Banc of California Securities Litig., Case No. 17-00118, Doc. No. 614),[6] and that the shareholder derivative actions, although

---

[6] The order of dismissal was filed March 16, 2020, approximately six months before the instant motion was filed.

still pending, do not include the legal claims made in the instant action.

There is no dispute that the instant action raises legal issues different from the cases that remain pending in the Central District.  On the other hand, there is no dispute that the Central District has spent a considerable amount of time addressing the facts giving rise to the claims alleged in the instant action, namely, the publication of statements linking Sugarman, the COR Plaintiffs, and others associated with Banc to Galanis's criminal activities.  Additionally, although the securities fraud cases were dismissed prior to a judgment on the merits, numerous discovery disputes, including disputes between Sugarman and a number of the defendants named herein, were, prior to the dismissal, resolved in the Central District by a single assigned magistrate judge.[7] The same or similar discovery disputes appear likely to arise in the instant action, and, if the instant action were transferred, such matters are likely to be assigned to that same magistrate judge.  See A. J., 503 F.2d at 389 (noting "importan[ce]" and "positive effects" of "possible consolidation of discovery").

In light of all the circumstances discussed above, the Court finds the sixth factor weighs in favor of transfer.

As to local interest in the controversy, persons residing in the Central District would have a significant interest in this case, given that all three plaintiffs, as well as Banc, are located there and are alleged to have been harmed there.  Moreover, the statements plaintiffs challenge as false, and defendants may well argue are true, see, e.g., Campanelli v. Regents of Univ. of California, 44 Cal. App. 4th 572, 581 (1996 (holding "[t]ruth, of course, is an absolute defense to any libel action"), accuse plaintiffs of engaging in wrongful acts in the Central District.  Indeed, as discussed above, a number of lawsuits arising from those statements have been filed, and all of those actions have

---

[7] In fact, a number of those disputes were initially raised in this District and thereafter transferred to the Central District pursuant to Rule 45(f) of the Federal Rules of Civil Procedure.  (See In re Subpoenas, Case No. 18-147, Order, filed October 29, 2018, by U.S. Magistrate Judge Thomas S. Hixson (Doc. No. 13) (noting moving parties' consent to transfer; further noting parties' "lengthy and factually complex briefs").)

been or continue to be heard in the Central District. Although, as plaintiffs note, persons residing in this District may, as a general matter, have an interest in defendants who reside in this District, such as the Muddy Waters Entities, no particular event is alleged to have occurred here. Consequently, this factor weighs in favor of transfer.

Lastly, as to relative court congestion, although the statistics cited by defendants show the median time from the filing of a case to disposition is shorter in the Central District, "administrative considerations such as docket congestion are given little weight in this circuit in assessing the propriety of a § 1404(a) transfer." See <u>Securities and Exchange Comm'n v. Christian Stanley, Inc.</u>, 2012 WL 13012496, at *4 (C.D. Cal. April 4, 2012) (internal quotation, alteration, and citation omitted). Consequently, this factor weighs in favor of transfer but does so only slightly.

In sum, of the four factors that weigh in the balance here, three weigh in favor of transfer whereas only one weighs against transfer, and as to those weighing in favor, one in particular, the sixth, carries considerable weight.

Accordingly, the motion to transfer is hereby GRANTED, and the above-titled action is hereby ordered TRANSFERRED to the United States District Court for the Central District of California.

**IT IS SO ORDERED.**

Dated: February 16, 2021

MAXINE M. CHESNEY
United States District Judge